IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAKOBE FURNITURE, LLC,

      Plaintiff,

      v.                                                    Case No. 2:25-CV-02188-JAR-TJJ

ACE PROPERTY AND CASUALTY
INSURANCE COMPANY,

      Defendant.

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Jakobe Furniture, LLC's Motion for Dismissal

Without Prejudice (Doc. 44) pursuant to Fed. R. Civ. P. 41(a)(2).  Defendant ACE Property and

Casualty Insurance Company has filed a memorandum in opposition to Plaintiff's motion.  The

Court has considered the parties' arguments and is now prepared to rule.  For the reasons

explained below, the Court concludes that dismissal without prejudice is appropriate, but only

subject to the conditions set forth in this Order.  The Court therefore defers ruling on Plaintiff's

motion for dismissal.  Plaintiff has seven days from the date of this Order to withdraw its motion

to dismiss if it determines that the conditions are too onerous.  Absent a motion to withdraw by

that deadline, the Court will grant Plaintiff's motion in accordance with this Order.

## I.    Background

Plaintiff filed this action on March 5, 2025, in the District Court of Wyandotte County,

Kansas, alleging that Defendant breached its contractual obligations under an insurance policy

issued to Plaintiff.[1]  Defendant removed the case to this Court on April 10, 2025,[2] and filed its

answer on April 14, 2025.[3]

Following removal, the parties began engaging in written discovery.  Defendant served

discovery requests directed in part to Plaintiff's business and accounting records, including

QuickBooks and similar electronic accounting data.  A dispute arose regarding Plaintiff's

production of those materials, and Defendant filed a motion to compel.[4]  Plaintiff later located a

business laptop that it contends may contain additional responsive electronic files and accounting

information, and began working with counsel to review and prepare those materials for

production.

While the discovery dispute and motion to compel were pending, Plaintiff filed its

present motion to dismiss under Fed. R. Civ. P. 41(a)(2).  In its motion, Plaintiff explains that it

seeks additional time to obtain, review, and produce its business and accounting records—

including electronic data from the recently-located laptop—that Defendant has requested and

that Plaintiff's retained experts wish to review before finalizing their opinions.  Plaintiff further

states that it seeks dismissal to afford its two retained experts additional time to analyze the

underlying financial and business records and to prepare expert reports setting out their opinions.

Plaintiff argues that it is actively working with its experts to review this information, but that

even with the Court's prior extensions of expert disclosure deadlines,[5] additional time is

---

[1] Doc. 1-1.

[2] Doc. 1.

[3] Doc. 8.

[4] Doc. 34.

[5] Docs. 30, 41.

necessary to complete this work.  Plaintiff therefore asks the Court to dismiss this action without prejudice.

## II.    Discussion

### A.  Rule 41(a)(2) Factors

Federal Rule of Civil Procedure 41(a)(2) controls voluntary dismissals after the opposing party has filed an answer and provides, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."[6]  "Prejudice does not arise simply because a second action has been or may be filed against the defendant."[7]  Rather, the Tenth Circuit evaluates prejudice by considering "[1] the opposing party's effort and expense in preparing for trial; [2] excessive delay and lack of diligence on the part of the movant; [3] insufficient explanation of the need for a dismissal; and [4] the present stage of litigation."[8]

"These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case."[9]  In deciding whether to grant a plaintiff's motion to dismiss without prejudice, "'[t]he district court should endeavor to insure substantial justice is accorded to both parties,' and therefore the court 'must consider the equities not only facing the defendant, but also those facing the plaintiff.'"[10]

---

[6] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

[7] *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005) (citing *Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)).

[8] *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021) (quoting *Brown*, 413 F.3d at 1124).

[9] *Id.* (quoting *Brown*, 413 F.3d at 1124).

[10] *County of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1048 (10th Cir. 2002) (quoting *Ohlander*, 114 F.3d at 1537).

First, with respect to Defendant's efforts and expenses, Defendant has removed the case, filed its answer, and participated in initial written discovery, including serving discovery requests directed at Plaintiff's business and accounting records and filing a motion to compel related to those requests. These activities have likely required some expenditure of time and resources, but the case remains at a relatively early stage and there is no indication that Defendant's expenses have been significant. In any event, any expenses that Defendant has incurred will be mitigated by the conditions Plaintiff has agreed to accept upon re-filing.

Plaintiff has agreed that if it re-files: (1) it will re-file in this Court; (2) during the non-filed period, its counsel will remain in contact with Defendant's counsel and will advise Defendant's counsel if and when re-filing is imminent; (3) it will complete the document production in response to Defendant's Second Requests for Production and, during the non-filed period, will produce digital files and documents from a recently-located laptop as soon as Plaintiff's counsel can review and prepare them for production; (4) all pleadings, initial disclosures, and discovery served and exchanged in this action will remain in place and effective in any re-filed case; (5) if, during the non-filed period, Plaintiff is able to access the QuickBooks or other accounting records Defendant has requested, it will produce those records to Defendant's counsel; and (6) in any re-filed action, Plaintiff will consent to a shortened period of initial discovery before expert disclosures so that expert witness disclosures are due sooner than they otherwise would be. The Court finds that these conditions preserve Defendant's existing litigation efforts, reduce the risk of duplicated expenses, and ensure that Defendant will retain the benefit of the discovery already obtained in this case.

Second, Defendant argues that Plaintiff's delay in obtaining and producing its QuickBooks and other accounting records, and the parties' months-long discovery dispute over

those materials, demonstrate excessive delay and lack of diligence that weigh against voluntary dismissal.  The Court agrees that Plaintiff could have moved more promptly to obtain its electronic accounting records and that this dispute has consumed time.  However, it appears that Plaintiff has now located a business laptop containing potentially responsive information to Defendant's discovery requests and, as a condition of dismissal, has agreed to complete its production of business records—including any accessible QuickBooks or other accounting data—during the non-filed period.  Under these circumstances, the Court does not find that Plaintiff's conduct reflects such excessive delay or lack of diligence as to constitute legal prejudice.

Third, the Court finds that Plaintiff has provided a sufficient explanation for its request. Defendant argues that Plaintiff has failed to offer a sufficient explanation for dismissal and is merely attempting to avoid its discovery obligations.  However, Plaintiff explains that it seeks additional time to obtain and produce business records that Defendant has requested—including electronic accounting data from the recently-located laptop—that Plaintiff's retained experts also wish to review before finalizing their opinions.  Plaintiff further notes that, even with the Court's prior extension of expert disclosure deadlines, its experts need additional time to analyze the underlying financial and business records to prepare their reports.  Plaintiff represents that it will continue to produce these materials to Defendant during the non-filed period, notwithstanding dismissal, and that doing so outside the constraints of an active case will allow the parties to complete this work more efficiently.

Fourth, the current stage of the litigation also favors dismissal.  Discovery is not yet complete, no depositions have been taken, no expert disclosures have been made, and no dispositive motions have been filed.  Although Defendant opposes Plaintiff's motion and argues

5

that it will be prejudiced by dismissal, the Court is not persuaded for the reasons already

discussed.

Having considered the Rule 41(a)(2) factors, the Court concludes that Defendant will not

suffer legal prejudice and that dismissal is warranted.  Accordingly, the Court must also

determine what terms, if any, are necessary to make dismissal "proper" and to avoid unfairness if

Plaintiff re-files.[11]  The Court addresses the appropriate conditions on dismissal below.

### B.  Conditions on Dismissal

"Federal Rule of Civil Procedure 41(a)(2) permits a district court to dismiss an action

without prejudice 'upon such terms and conditions as the court deems proper.'"[12]  The conditions

should keep the parties in the same position in a subsequent lawsuit that they occupied before the

plaintiff filed its motion to dismiss.[13]  When a court does impose conditions, it must give the

plaintiff an opportunity to withdraw its request for dismissal.[14]  Plaintiff has proposed a set of

conditions to that end, and Defendant objects to several of those conditions and requests

additional protections.  The Court addresses Defendant's objections to the proposed conditions in

turn.

Defendant makes three objections to Plaintiff's proposed conditions on dismissal.  First,

Defendant argues that Plaintiff's proposed condition deeming "all pleadings, initial disclosures,

and discovery in this case in place and effect"[15] in any re-filed case would prejudice it by

---

[11] *See* Fed. R. Civ. P. 41(a)(2) (permitting a district court to dismiss an action at the plaintiff's request on "terms that the court considers proper"); *Bic Corp.*, 931 F.2d at 1412 ("Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action.").

[12] *Brown*, 413 F.3d at 1123 (quoting *Bic Corp.*, 931 F.2d at 1412).

[13] *See Pyles v. Boeing Co.*, 109 F. App'x 291, 294 (10th Cir. 2004) ("Because the magistrate judge carefully crafted the conditions of her order to maintain the position that the parties had held before plaintiff's motion, we hold that there has been no abuse of discretion.").

[14] *Hall v. Great S. Bank*, No. 09-2600-CM, 2010 WL 4366110, at *1 (D. Kan. Oct. 28, 2010).

[15] Doc. 44 ¶ 12(d).

depriving it of potential defenses based on any defects in Plaintiff's discovery responses,

particularly to the extent the language could be read to treat those materials as if they were

timely and properly served and produced in a re-filed case.  The Court disagrees with

Defendant's characterization of the condition but agrees that clarification is appropriate.

Accordingly, the Court revises the condition to provide that all pleadings, initial disclosures, and

discovery served and exchanged in this action will remain in place and effective in any re-filed

case as though served and produced therein, with both parties expressly reserving all objections,

defenses, and arguments regarding the adequacy, completeness, and timeliness of any such

materials.

Second, Defendant argues that Plaintiff's proposed conditions are improper because they

do not account for duplicative expenses that Defendant may incur if Plaintiff re-files this action.

The Court agrees that some risk of duplicative fees and expenses exists but concludes that the

conditions Plaintiff has proposed—such as allowing reuse of all pleadings and discovery and

requiring completion of outstanding document production during the non-filed period—

substantially reduce that risk.  If Defendant nonetheless incurs duplicative fees and expenses in a

subsequent lawsuit, then Defendant may move this Court for reimbursement of those duplicative

fees and expenses at the end of the subsequent lawsuit.  Defendant must "provide a detailed

showing of the fees and expenses incurred that [it] believe[s] are duplicative."[16]  This Court will

retain jurisdiction over this case, but only for this limited issue.[17]

---

[16] *Snyder Ins. Servs., Inc. v. Kulin-Sohn Ins. Agency, Inc.*, No. 16-2535-DDC-GEB, 2019 WL 464874, at *7 (D. Kan. Feb. 6, 2019).

[17] *See id.*; *Conley v. Dickson*, No. 06–4017–SAC, 2006 WL 3241114, at *1 (D. Kan. Nov. 7, 2006) (holding that "[t]he court will retain jurisdiction to entertain a motion by defendant for fees" after granting a Rule 41(a)(2) dismissal without prejudice).

Third, and finally, Defendant objects to Plaintiff's proposed condition concerning a shortened period of initial discovery before expert disclosures, arguing that this condition would operate to Plaintiff's advantage because Plaintiff can use the non-filed period to prepare its experts while Defendant will be constrained by a tighter schedule once litigation resumes. Defendant contends that a more appropriate condition would be to require Plaintiff's consent to give Defendant the same additional time for its experts to prepare and provide their reports— namely, any modified discovery window plus the length of time between this Order and the re-filing of a new case.

The Court concludes that expert-disclosure deadlines in any re-filed action are better addressed in the context of a new scheduling order under Fed. R. Civ. P. 16 and therefore declines to adopt either Plaintiff's proposed shortened-schedule condition or Defendant's proposed reciprocal expert-timing condition. Any time Plaintiff chooses to spend during the non-filed period conferring with its experts is not time that Defendant is prevented from using in a similar fashion. Defendant is now aware of the issues in dispute and is likewise free to consult with potential experts before any re-filed action. In light of the conditions and the early posture of this case, the Court concludes that Defendant will not suffer legal prejudice from dismissal without additional expert-related conditions.

Accordingly, the Court grants Plaintiff's motion to dismiss without prejudice subject to the following conditions:

1. If Plaintiff re-files this action, it will do so in this Court.

2. During the non-filed period, Plaintiff's counsel will remain in contact with Defendant's counsel and will advise Defendant's counsel if re-filing is imminent.

3. Plaintiff will complete its document production in response to Defendant's Second Requests for Production and, during the non-filed period, will produce digital files and

8

documents from a recently-located laptop as soon as Plaintiff's counsel can review and prepare them for production.

4.  All pleadings, initial disclosures, and discovery served and exchanged in this action will remain in place and effective in any re-filed case as though served and produced therein, with both parties reserving all objections, defenses, and arguments regarding the adequacy, completeness, and timeliness of any such materials.

5.  If, during the non-filed period, Plaintiff is able to access the QuickBooks or other accounting records Defendant has requested, it will produce those records to Defendant's counsel.

6.  If Defendant nonetheless incurs duplicative fees and expenses in a subsequent lawsuit, Defendant may move this Court at the conclusion of that lawsuit for reimbursement of those duplicative fees and expenses, provided Defendant provides a detailed showing of the fees and expenses incurred that it believes are duplicative.  This Court will retain jurisdiction over this case, but only for this limited issue.

Furthermore, because the Court has slightly modified the conditions that Plaintiff proposed, Plaintiff has the right to withdraw its motion to dismiss if it determines that the conditions imposed by the Court are too onerous.[18]  Therefore, the Court gives Plaintiff seven days from the date of this Order to withdraw its motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Dismissal Without Prejudice (Doc. 44) is **DEFERRED**.  Plaintiff has seven days from the date of this Order to file a motion to withdraw its motion to dismiss without prejudice.  If Plaintiff does not withdraw its motion to dismiss by that deadline, the Court will grant Plaintiff's motion and dismiss this case without prejudice subject to the conditions outlined in this Order.  If Plaintiff timely withdraws its motion, this Order will have no effect on the parties or the matters addressed herein.

**IT IS SO ORDERED.**

---

[18] *Yaple v. Jakel Trucking LLC*, No. 2:21-CV-02045-JAR, 2023 WL 3055325, at *3 (D. Kan. Apr. 24, 2023).

Dated: December 18, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE